E. E. MITCHELL, Appellant, v. JESSIE A. MITCHELL, Appellee.

**DIVORCE:** Allowance Pending Suit—Excessiveness. Order for attorney fees and expense money reviewed, and held excessive.

*Appeal from Mahaska District Court.*—H. F. WAGNER, Judge.

FEBRUARY 17, 1920.

PLAINTIFF appeals from an order allowing temporary alimony.—*Reversed.*

*L. T. Shangle, Burrell & Devitt,* and *D. C. Waggoner,* for appellant.

*C. C. Orvis* and *S. V. Reynolds,* for appellee.

STEVENS, J.—The parties to this suit were married April 4, 1900, at Camden, New Jersey, and resided together in the city of Washington until September, 1906, when

plaintiff came to Iowa, ostensibly for the purpose of aiding in the settlement of his father's estate. He returned to Washington in March, 1910, and resided for a few days with his wife, when he again returned to Iowa, where he has since lived upon a farm in Mahaska County. The defendant had employment in the printing office in Washington from 1893 to 1918. During the time the parties lived together, plaintiff also worked in the government printing office. In March, 1917, defendant brought an action against plaintiff in Mahaska County for a divorce, which was voluntarily dismissed by her after the evidence was introduced. On September 3, 1918, plaintiff filed the petition in this suit, praying a divorce upon the ground of desertion. Defendant in turn, on December 31, 1918, filed a cross-petition, in which she also prays a divorce upon the ground of desertion, which was the ground alleged in her former petition.

The sole question presented for review is an order made by the court below on June 25, 1919, allowing defendant an additional sum as temporary alimony. An allowance was made and paid in the suit brought by the wife in 1917 in the sum of $500. On January 2, 1919, the court in this action allowed and ordered plaintiff to pay to the clerk of the district court $400, $200 of which was to be paid to defendant's attorneys for suit money, $100 for her support, and $100 for attorney fees. This sum was promptly paid, and duly receipted for to the court. The order appealed from was the one entered June 25, 1919, and directed plaintiff to pay to the clerk immediately $150 for defendant's support, and $50 per month, commencing June 1st, until the trial was had therefor, together with the further sum of $400 attorney fees.

From the foregoing statement, it will be observed that plaintiff has already, in the two suits, paid $900, and by the order of May 22d, is required to pay $550 at once,

and $50 per month thereafter, until the proceedings have been disposed of.

Defendant states, in her affidavit in support of her application for an additional allowance, that she is in ill health, and out of employment; that her income is wholly inadequate for her support and to enable her to present her defense; and that plaintiff is worth from $45,000 to $60,-000. Other affidavits tend to corroborate her claim, particularly as to her physical condition. Plaintiff recites, in his affidavit, filed in resistance to defendant's application, that he owns 119 acres of land; that he is heavily in debt; that his income is insufficient to pay his expenses, taxes, etc.; and that defendant is the owner of property in the city of Washington, worth from $12,000 to $15,000, from which she received a monthly income in excess of $100. An affidavit, signed by the janitor of the apartment in which defendant resides, stating that she is apparently in good health, accompanies plaintiff's showing in resistance to the application. Plaintiff states in his affidavit that he is now, and always has been, willing to support defendant in his own home; that he has frequently solicited her to come to Iowa and reside with him, but that she has steadily refused to do so. Defendant, however, says that plaintiff at all times claimed that he did not have a suitable place in which to receive her, or in which to live; that he at no time offered to send her money to pay the expenses of a trip to Iowa; and that she has always been willing to live with him, under proper circumstances.

It appears without dispute that the action brought by defendant in 1917 was tried, and that, before a decree was entered, she voluntarily dismissed her petition, stating in open court that she would never live with plaintiff. She brought no witnesses from Washington, nor were depositions used in the trial of that case.

The situation of the parties has not so changed since

the order of January 2d as to justify the allowance of a further sum as temporary alimony. The allowance then made is sufficient to enable defendant to take necessary depositions and prepare her case for trial. It is not claimed that expense has been incurred by her attorneys or by her in the preparation of the case for trial, nor that more services have been rendered by her attorneys than are ordinarily rendered in a divorce suit, pending trial. As stated, defendant, in 1917, announced her intention of not thereafter living with plaintiff. If, upon the trial, it appears that she is entitled to a further allowance of alimony, the court, in its discretion, will doubtless allow her a proper sum; but, as the only ground alleged by either upon which a divorce is prayed is desertion, we feel that the $900 already paid defendant is quite sufficient to enable her to make a very complete showing upon the issues involved.

The allowance in the former trial was substantial, and should have enabled her to present her case properly to the court. So far as appears, she offered all the evidence she desired at that time, and voluntarily dismissed her case. The parties have not since resided together.

Plaintiff cannot dispose of his land, so as to defeat the collection of judgment for alimony, if an order, upon final hearing, is entered. A proper allowance can then be made for attorney fees.

We reach the conclusion that the order appealed from should be set aside and canceled. The order and judgment of the court below is, therefore,—*Reversed.*

WEAVER, C. J., LADD and GAYNOR, JJ., concur.